NEWT DENNIS v. THE STATE.

No. 2549. Decided June 18, 1913.

Rehearing denied June 27, 1913.

**1.—Burglary—Night-time—Indictment.**

Where the indictment correctly charged burglary in the night-time according to approved precedent, the same was sufficient. Following Williams v. State, 24 Texas Crim. App., 69, and other cases.

**2.—Same—Motion to Postpone—Copy of Indictment.**

Where it did not appear from the record that defendant had not been served two days before the trial with a true copy of the indictment, there was no error on this ground.

**3.—Same—Charge of Court—Daytime.**

Where, upon trial of burglary at night, the court's charge required the jury that they must find that defendant entered the alleged house at night before they could find him guilty, there was no error in refusing a requested charge that they could not convict him for daytime burglary.

**4.—Same—Name of Party Injured—Idem Sonans.**

Where the different names by which the owner was named in the indictment and was known were idem sonans, there was no variance, and there was no error

in refusing a special charge thereon. Following Feeny v. State, 62 Texas Crim. Rep., 585, and other cases.

**5.—Same—Circumstantial Evidence—Charge of Court—Article 743, C. C. P.**

Where, upon trial of burglary, the evidence, although circumstantial, showed without dispute the guilt of the defendant and no special charge was requested on circumstantial evidence, and no exception made to the court's failure to charge thereon except in the motion for new trial, there was no reversible error, under article 743, Code Criminal Procedure. Davidson, Presiding Judge, dissenting.

**6.—Same—Charge of Court—Insanity.**

Where, upon trial of burglary, defendant's only defense was insanity and the court properly submitted this issue, and the evidence sustained the conviction, there was no error.

**7.—Same—Circumstantial Evidence—Sufficiency of the Evidence—Article 743, C. C. P.**

Where, upon trial of burglary, the evidence was entirely circumstantial, but established defendant's guilt, the court's failure to instruct on circumstantial evidence was harmless error under article 743, Code Criminal Procedure.

**8.—Same—Night-time Burglary—Want of Consent—Breaking.**

Where the indictment alleged a night-time burglary by force and breaking, it was unnecessary to either allege or prove in specific terms the want of the owner's consent. Following Sullivan v. State, 13 Texas Crim. App., 462, and other cases.

**9.—Same—Sufficiency of the Evidence—Force—House.**

Where, upon trial of burglary by night, the evidence sustained the conviction and showed that the alleged entry was made by opening a door, it was not necessary to show actual breaking. Articles 1306, 1308, Penal Code, and where the evidence was sufficient to sustain the conviction, and that the room entered was a house defined by statutes, there was no error.

Appeal from the District Court of Montague. Tried below before the Hon. C. F. Spencer.

Appeal from a conviction of a night-time burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Homer B. Latham,* for appellant.—On question of postponement to serve copy of indictment: McDuff v. State, 4 Texas Crim. App., 58; Lightfoot v. State, 77 S. W. Rep., 792.

On question of court's failure to charge on circumstantial evidence: Bailey v. State, 155 S. W. Rep., 540; Holmes v. State, 156 S. W. Rep., 1177; article 735, Code Criminal Procedure; Pace v. State, 53 S. W. Rep., 689; Arismendis v. State, 54 S. W. Rep., 599; Davis v. State, 55 S. W. Rep., 340; Gentry v. State, 56 S. W. Rep., 68; Beason v. State, 63 S. W. Rep., 633; Stewart v. State, 77 S. W. Rep., 791; Dysart v. State, 79 S. W. Rep., 534; Guerrero v. State, 80 S. W. Rep., 1001; Lasister v. State, 49 Texas Crim. Rep., 532, 94 S. W. Rep., 233; Early v. State, 50 Texas Crim. Rep., 344, 97 S. W. Rep., 82; Burdett v. State, 51 Texas Crim. Rep., 345, 101 S. W. Rep., 988; Gonzales v. State, 105 S. W. Rep., 196; Jones v. State, 54 Texas Crim. Rep., 37, 111 S. W.

Rep., 653; Taylor v. State, 53 Texas Crim. Rep., 615, 111 S. W. Rep., 151; Nix v. State, 54 Texas Crim. Rep., 55, 114 S. W. Rep., 805; Goode v. State, 56 Texas Crim. Rep., 418, 120 S. W. Rep., 199; Broadnax v. State, 150 S. W. Rep., 1168; Huddleston v. State, 156 S. W. Rep., 1168.

On question of variance of name of injured party: Milontree v. State, 16 S. W. Rep., 764; Owens v. State, 20 S. W. Rep., 558.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted for night-time burglary and his penalty fixed at two years confinement in the penitentiary,—the lowest prescribed by law.

The indictment in this case is in one count only. It alleges in the terms of the statute, burglary at night with intent to steal. Then charges the actual theft of a single buggy harness worth $10. All the elements necessary to charge theft are specifically charged in this part of the indictment. It follows the indictment in the case of Williams v. State, 24 Texas Crim. App., 69, and Coats v. State, 31 Texas Crim. Rep., 257, and is a good indictment for burglary.

Appellant has a bill of exceptions to the overruling of his motion to postpone the trial for two days, claiming that he had not been served with a true copy of the indictment. Neither the bill nor motion in any way show wherein the copy that was served on him was not a true copy. The court, in approving the bill, qualified it by stating:

"This case was called on call of the docket on the day of the trial before noon, whereupon the State announced ready and the defendant asked that the case be set over until the afternoon, or that it be continued, as his witnesses were not present, whereupon the case was set over until 1 o'clock in the afternoon, and counsel for the defense came to me as I was entering the courthouse door getting ready to call court at 1 o'clock, and stated to me that he was now ready, that his witnesses were all present. Some thirty or forty minutes after that announcement on his part he presented me with the motion shown by this bill, which motion was overruled for the reason and on the ground that the copy served on the defendant was sufficient to apprise him of the nature of the accusation against him; that he accepted said copy, upon it summoned his witnesses, appeared in court and asked that the case be set over on account of the absence of his witnesses, and thereafter, as aforesaid, told the court that his witnesses were all present and that he was ready for trial, and this motion came too late in the opinion of this court." The court's action was correct and no error is shown in his overruling appellant's motion.

Appellant requested the court to give his special charge to the effect that the defendant is charged with burglary at night-time and, unless you find and believe beyond a reasonable doubt that the defendant did enter the barn of Ike Jetton at night-time, if you do find that he entered same, you will find him not guilty.

The court in submitting the case to the jury for a finding expressly required them to find that he entered the house at night before they could find him guilty. Then he charged the jury in a separate and distinct charge that if they did not find that he entered the house at night, or even if he entered it and he did do so with the consent of Jetton, or if he entered it, but did not do so by force, or if he did not enter it for the specific purpose of committing the offense of theft, to find him not guilty. This clearly and fully covered the point requested in said special charge, and the court committed no error under the circumstances in refusing his said special charge.

The indictment charged that the house entered was owned by Ike "Geton." In the statement of facts his name is spelled, in some places, "Getton" and in the record, in other places, it is spelled "Jetton." There is no question whatever in the record about the identity of the owner of the house burglarized and the harness stolen therefrom. Appellant requested this special charge:

"The defendant stands charged by indictment with the offense of burglary of a house owned and in the possession of Ike 'Jeton.' You are instructed that if you find from the evidence that the proof shows a burglary of a house owned and in the possession of Ike 'Jetton' you will find the defendant not guilty and so say by your verdict." In appellant's bill to the refusal of the court to give his said special charge the court qualified it by stating, "With the explanation that the two names are pronounced alike, being G-Tun, and are idem sonans." There was no error in the court refusing appellant's special charge. Feeny v. State, 62 Texas Crim. Rep., 585; Gentry v. State, 62 Texas Crim. Rep., 497.

In his motion for a new trial appellant claims, for the first time, that the court erred in not charging on circumstantial evidence. In the qualification to his bill of exception on this subject the court explains that no exception was taken at the time of the trial to the court's charge in failing to charge on circumstantial evidence and that no charge on that subject was requested. It would have been proper in this case for the court to have charged on circumstantial evidence. Article 735, Code of Criminal Procedure, says: "After the argument of any criminal cause has been concluded the judge shall deliver to the jury a written charge in which he shall distinctly set forth the law applicable to the case. . . . This charge shall be given in all cases of felony, whether asked or not." Under this article this court has always held that where the State's case is made by circumstantial evidence that it is necessary to give a correct charge on circumstantial evidence. But long subsequent to this article, by the amended Act of 1897, page 17, now article 743, Code of Criminal Procedure, it was expressly enacted that whenever it appears from the record in any criminal action upon appeal that any of the requirements of the eight preceding articles, which includes said article 735, have been disregarded "the judgment shall not be reversed, unless the error appearing from the record was calculated

to injure the rights of the defendant, which error shall be excepted to at the time of the trial, or on a motion for new trial." Since the enactment of this article it has always been held that this amendment was a remedial statute designed to prevent reversals for mere omissions in the charge of the court and that when such omission has occurred "the judgment shall not be reversed, unless the error was calculated to injure the rights of the defendant."

In this case, the evidence is undisputed. It shows, without contradiction, that on the evening of December 4, 1912, at about 4 o'clock, appellant and said Jetton traded horses at the home of said Jetton and that in the trade appellant included this set of harness; that the trade was made in Jetton's lot; that appellant then and there delivered to Jetton said harness and that Jetton hung it up in his gear house at his barn and closed and fastened the door to his harness house. Appellant then left, claiming that he was going to the town of Nocona. Jetton did not go into his harness house until the next morning about 9 o'clock when one of his neighbors came over to see the horse that he had traded for from appellant, the neighbor having heard it from the school children who passed Jetton's house after the trade was made; that Jetton then took this neighbor to his harness house to show him the set of harness that he had got in this horse trade; that he found his harness house door closed, but upon opening it the set of harness was gone. It was taken some time between 4 o'clock on the evening of December 4th and the next morning at 9 o'clock. The horse and buggy in which appellant left Jetton's house was tracked from there some distance, not towards Nocona, but some other point, and appellant, after getting some distance, stopped his horse and buggy, got out and he was tracked back down the road some distance, then into Jetton's field and his tracks showed that he was going towards appellant's gear house. Jetton's horses had been in his lot and his tracks could not be seen in the lot and at the gear house, because the horses, in walking about over the lot, had obliterated appellant's tracks, if he made any. The next morning early appellant was found asleep in an outhouse near another witness' home. This witness woke him up and then saw that he had this new set of harness. The next morning appellant went to the town of Bowie, in Montague County. As soon as Jetton found that his harness had been stolen he had his neighbor to phone to the officer at Bowie. The officer at once located and arrested appellant, and he then had this set of harness. Jetton then went to Bowie, saw the harness, clearly identified it and recovered it. No explanation whatever was then made by appellant of his possession of said harness. There was no intimation in the evidence that any other person than appellant stole said harness and no one was shown to be in a position to have done so.

Appellant's only defense was insanity. He offered the testimony of several witnesses whose testimony was very unsatisfactory and insufficient to establish his insanity, but may have had a tendency to do so. The court correctly submitted in his charge this question to the jury

and told them that if he was insane to acquit him. No complaint was made to the charge of the court on this subject or to the finding of the jury on this issue against him.

Under the proof in this case no honest jury would have rendered any other verdict than that of guilty. Under the circumstances and proof in this case and under said article 743, Code of Criminal Procedure, the error of the court in not charging on circumstantial evidence was not calculated to injure the rights of the defendant and did not injure them to the extent as to require the reversal of this judgment on that ground. It is needless to cite the many decisions of this court applicable to this question and conclusive against appellant.

Appellant attacks the sufficiency of the evidence to sustain the conviction on these grounds: . First, that it was insufficient to show a night-time burglary. We think it was sufficient. Second, that it failed to show that the entry to Jetton's harness house was without his consent. The entry having been alleged to be by force and by breaking, it was unnecessary to either allege or prove in specific terms the want of the owner's consent. Sullivan v. State, 13 Texas Crim. App., 462; Mace v. State, 9 Texas Crim. App., 110; Summers v. State, 9 Texas Crim. App., 396; Reed v. State, 14 Texas Crim. App., 662; Black v. State, 18 Texas Crim. App., 124; State v. Williams, 41 Texas, 98; Taylor v. State, 23 Texas Crim. App., 639; Buntain v. State, 15 Texas Crim. App., 485; Langford v. State, 17 Texas Crim. App., 445; Smith v. State, 22 Texas Crim. App., 350; Buchanan v. State, 24 Texas Crim. App., 195. Third, that the evidence failed to show that force was required to enter the house. Jetton testified, which was undisputed, that when he placed said harness in his harness house he closed and fastened the doors and that there was no other way to get the harness out than through this door. The statute says that entry includes every entry but one made by the free consent of the occupant; that it is not necessary there should be any actual breaking to constitute the offense of burglary when the entry is at night. Art. 1306, Penal Code. By breaking is meant that the entry must be made with actual force. The slightest force, however, is sufficient to constitute a breaking; it may be by lifting the latch of a door that is shut and other such like entries. Art. 1308, Penal Code. And his only other attack on the sufficiency of the evidence is he claims that the evidence fails to show that the place from which the harness was taken was a house, or only a room attached to a house. A house, as defined by our statute, is any building or structure erected for private use of any individual of whatever material is may be constructed. The evidence in this case, without contradiction, shows that this harness house was a complete room with this door as the only entrance thereto which was added on to and made a part of Jetton's barn. This clearly, under all of the decisions, is a house within the meaning of our burglary statute. Jame v. State, 63 Texas Crim. Rep., 559.

The judgment will be affirmed. *Affirmed.*

DAVIDSON, PRESIDING JUDGE (dissenting).—The majority opinion concedes this to be a case purely dependent upon circumstantial evidence and that a charge on that subject should have been given. But it is asserted that the error is not reversible because the evidence is so strong that the jury were bound to convict, therefore error is protected by terms of article 743, Code of Criminal Procedure. I do not believe that because the evidence is strong the court is justified in not charging the law of the case. If this be true, then the court need not charge any phase of the law at all if the facts show strongly or even conclusively the guilt of the accused. This can not be correct under our statute, which requires the court to give in writing a charge on the law applicable to the facts whether requested or not. Art. 735, C. C. P. Appellant reserved his exception in motion for new trial. This is sufficient by the wording of the statute. C. C. P., art. 743. It has been always held to be fundamental error not to charge on circumstantial evidence whether excepted to or not. White's Annotated C. C. P., sec. 813, where a great number of cases are cited; also Branch's Crim. Law, secs. 202-203. If this universal rule has been changed, it is by reason of the fact that article (C. C. P.) 743 requires exception to be taken during the trial or on motion for new trial. Exception was duly *reserved on motion for new trial* by appellant. But my brethren conceding this to be the law, say it is not error because they find the facts to be sufficient to sustain the verdict, and that the jury ought to have found the same verdict had the law been given. I do not know what the verdict would have been under a charge giving the law. I do not care to write further. The affirmance is in the face of the law. The judgment ought to be reversed.

[Rehearing denied June 27, 1913.—Reporter.]