### FRANK McNEW v. THE STATE.

No. 5038. Decided February 12, 1919.

**1.—Burglary—Copy of Indictment—Spelling.**

Where the copy of the indictment with which defendant was served was a literal copy, except that the word corporeal omitted the letter "e," there was no reversible error on that ground. Following Johnson v. State, 4 Texas Crim. App., 268, and other cases.

**2.—Same—Accomplice—Charge of Court.**

Where, upon trial of burglary, the court gave a proper charge on accomplice testimony, there was no reversible error.

### 3.—Same—Continuance—Impeaching Testimony.

Where, upon trial of burglary, the defendant sought a continuance, and the record showed that the application was overruled because the absent testimony was of an impeaching character, there was no reversible error.

### 4.—Same—Argument of Counsel.

Where the argument of the district attorney was in response to the argument of the defendant's attorney, with reference to his appearance and demeanor, there was no reversible error.

### 5.—Same—Entry—Breaking—Force—Charge of Court.

Where the indictment charged that the defendant did then and there unlawfully and by force, threats and fraud break and enter, etc., without alleging whether the same was in the daytime or the night-time, but the testimony showed a night-time burglary, defendant's theory that the trial court committed error in his charge relating to entry, breaking and force, was untenable, and there was no reversible error.

### 6.—Same—Evidence—Continuance—Impeaching Testimony.

Where defendant's application for continuance for witnesses by whom he expected to prove that a State's witness was an accomplice, was as to this defendant hearsay and only admissible for impeachment purposes, there was no error in overruling same. Distinguishing Harrison v. State, 47 Texas Crim. Rep., 393, 83 S. W. Rep., 699; Tull v. State, 55 S. W. Rep., 61.

Appeal from the District Court of Dawson. Tried below before the Hon. W. R. Spencer.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Gordon B. McGuire* and *V. O. Key,* for appellant.—On question of copy of indictment: Luster v. State, 141 S. W. Rep., 209; Lightfoot v. State, 77 id., 792.

On question of court's charge: Summers v. State, 9 Texas Crim. App., 396; Bravo v. State, 20 id., 188; Cox v. State, 194 S. W. Rep., 138; Montgomery v. State, 116 S. W. Rep., 1160; Smith v. State, 34 Texas Crim. Rep., 124; Snodgrass v. State, 148 S. W. Rep., 1095; Stephens v. State, 154 S. W. Rep., 1001; Howard v. State, 178 S. W. Rep., 506.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, Jᴜᴅɢᴇ.—Appellant was convicted of burglary with the lowest punishment assessed.

The indictment averred that on or about February 10, 1918, appellant "did then and there unlawfully and by force, threats, and fraud, break and enter a house there situate and owned by C. Still, without the consent of the said C. Still, and with the intent then and there to fraudulently take from the said house corporeal personal property therein being and belonging to the said C. Still, from the possession of the said C. Still, without his consent and with the intent to deprive the

said C. Still, the owner of said corporeal personal property, of the value of the same, and to appropriate the same to the use and benefit of him, the said Frank McNew."

Appellant was arrested and placed in jail March 21st. On that date the clerk issued the proper writ commanding the sheriff to serve him with a copy of said indictment, a properly certified copy thereof being duly attached to the writ and which was on that date served upon him. The copy served was a literal copy of the indictment except that the word "corporeal" first used in that part of the indictment copied above, was spelled "corporal," evidently by mistake omitting the letter "e" in the latter part of said word. When the case was called for trial on March 26th, appellant made a motion setting up that he had not been served with a copy of said indictment and asking that he be duly served and that the case be postponed for that purpose. The court correctly overruled his motion. The omission of the letter "e" in the word stated was wholly immaterial and was completely corrected by the balance of the indictment. No possible injury could have occurred to appellant by reason of the omission of said "e" in copying said word in the indictment. Johnson v. State, 4 Texas Crim. App., 268; Barrett v. State, 9 Texas Crim. App., 33; Hargrove v. State, 51 S. W. Rep., 1124; Luster v. State, 63 Texas Crim. Rep., 541; Somerville v. State, 6 Texas Crim. App., 438; Hudson v. State, 10 Texas Crim. App., 227-228, and cases therein cited; Bailey v. State, 63 Texas Crim. Rep., 586; Reyes v. State, 81 Texas Crim. Rep., 588, 196 S. W. Rep., 532.

The uncontradicted proof shows that the burglary occurred at night. The house burglarized was not a private residence. The indictment alleging that appellant "did break and enter" and not alleging whether it was a daytime or a night-time burglary, under the authorities clearly charged a night-time burglary and the court in trying the case and in his charge so treated the case. Appellant's theory, it seems, was that the indictment not charging specifically a night-time burglary by alleging that it occurred at night, that the indictment alleged only a daytime burglary and on his theory which was incorrect, he made objections to the court's charge which were untenable. The authorities are uniform and many that the indictment herein clearly embraced a night-time burglary and the court correctly tried the case on that theory. See cases collated in 2 Branch's Ann. P. C., sec. 2327. It is therefore unnecessary to take up appellant's objections to the court's charge based on his theory of what the indictment charged.

The alleged owner, C. Still, whose testimony was not disputed, testified in substance that he was the owner by being in charge and control of the alleged burglarized house and that he had feed, maize, stored therein, that he kept the door locked; that the barn looked like it was entered by the door first. The lock was broken off, staples pulled out and then two planks were torn off the north side of the barn.

G. R. Brown testified in substance that appellant, Bud Wright and Sam Brown together went from his father's to said barn, about a mile

distant, about 10 o'clock at night, going on their horses. That he, himself, that night went from his father's afoot and got in about 75 or 100 yards of the barn and that the said three persons entered the barn and took therefrom the maize. Nothing in his testimony or that of any other witness shows or tends to show that he was in any way a party to the crime or in any way participated with the parties who did commit the offense.

J. S. or Sam Brown testified that he, appellant and said Wright together went to said barn that night and took the maize out in cotton sacks on horseback.

Appellant denied the whole transaction and said he knew nothing about it except what he had heard.

The court gave a proper charge telling the jury that said J. S. or Sam Brown was an accomplice and properly required the corroboration of his testimony. Appellant asked him if he, the witness, had not told Walter Long of Howard County and W. O. Cline that he himself, the witness, had committed this burglary and stole said maize and that appellant had nothing to do with it. He denied he told these witnesses any such thing. Appellant sought a continuance-in order to get these witnesses to dispute Sam Brown on this point. The court overruled his motions and in qualification of the bills stated that the absent witnesses' testimony would have been for the purpose of impeachment only. Appellant accepted these bills with this qualification and is bound thereby. Whether said testimony would have had the effect to impeach only may not be correct. His motions show that neither of these witnesses had been subpoenaed and that they lived in other counties. No subpoena was issued until just the day before the case was tried and one of them on the day the case was tried, though he sets up reasons for this. The court committed no reversible error in overruling the motion for a continuance.

His only other bill is very meager and complains that in the argument of the district attorney he turned and pointed to the defendant and remarked: "Gentlemen, I want you to look at that, if it does not bear all the earmarks of a thief then I wouldn't know it if I should see it." To which appellant excepted, etc. The court in approving the bill qualified it by stating that appellant's attorneys in their argument had asked the jury to consider the appearance and demeanor of the defendant and the State's witness, said Brown; that the defendant had the appearance of an honest man and that the Brown demeanor and appearance of pupitess and thieves. The bill was accepted as qualified and defendant is bound thereby. Therefrom it is clearly seen that the district attorney's remark was directly in reply to and occasioned by the appellant's attorney's arguments and hence under all the authorities presents no reversible error.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

February 12, 1919.

LATTIMORE, JUDGE.—This case was at a former day of this term affirmed and is now before us upon appellant's motion for rehearing, in which his counsel, ably and at length, present certain grounds therefor which we will notice in their regular order.

Three objections are raised to the soundness of this court's former opinion: First, that this court erred in holding that there was no variance between the copy of the indictment served on appellant and the indictment itself. It appears from the record that the copy used the word "corporal" instead of the word "corporeal." We do not think there was any error in holding against appellant on this as it has been frequently held by this court that the mere misspelling of a word in an immaterial matter is not reversible.

Again, complaint is made that the court erred in misapprehending appellant's contentions as to errors in the trial court's charge relating to "entry, breaking, force," and in erroneously attributing to appellant a theory as follows: "Appellant's theory, it seems, was that the indictment not charging specifically a night-time burglary by alleging that it occurred at night, that the indictment alleged only a daytime burglary and on this theory, which was incorrect, he made objections to the court's charge which were untenable." Regardless of the verbiage of the opinion heretofore rendered, it is true that appellant's counsel in an argument, more ingenious than sound, has ably and at length argued that the trial court erred in charging the law applicable only to a night-time burglary, instead of charging "what the indictment alleged."

As stated in the original opinion herein, the indictment charged that accused "did then and there unlawfully and by force, threats and fraud break and enter, etc.," there being no allegation in the indictment whether the same was in the daytime or the night-time, but the testimony showed without question a night-time burglary, if any, and an entry through the door of the alleged burglarized building. Nor was it contended in the lower court that if force was used to effect an entry that it was other than as applied to the building itself. Bearing in mind these facts, and that article 1308, P. C., defines a breaking as "the slightest force," and also, that this court has uniformly held that such slight force as pushing open a door held shut only by friction against the frame thereof or raising a window that is down, is such force as to constitute a breaking, we are unable to see any force in the position of appellant. If he entered the building at night by force, and by force applied to the building, this, in law, would amount to a breaking. In other words, if we rightly comprehend appellant's contention on this point, it is, briefly, that the indictment charges an entry by breaking, and notwithstanding the evidence shows an entry by force which in law amounts to a breaking, that a wrong is done him by not defining "breaking," but by simply telling the jury that if appellant

entered the house by force he would be guilty. We can not agree with this interpretation of the law. If there was evidence, even the slightest, raising the question as to whether the entry was by force other than as applied to the building, or if there was any doubt as to whether the slightest force applied to the building to effect an entry constitutes a legal breaking, in either event we might hold otherwise, but such is not the case here.

The remaining contention of appellant is that the trial court erred in overruling his application for a continuance, same being for some witnesses by whom he expected to prove statements made by a State's witness who was an accomplice to the effect that he, said witness, and not appellant, had committed the burglary. We are clearly of the opinion that such evidence as to this appellant was hearsay and would have been admissible only for the purpose of impeaching said State witness in the event he denied making the alleged statements, and denials of applications for continuances have been upheld by this court when it appeared that the absent witness was only for the purpose of impeachment. Counsel for appellant cite, in support of their contention, that this evidence is admissible for purposes other than impeachment, the case of Harrison v. State, 47 Texas Crim. Rep., 393, 83 S. W. Rep., 699. That was a homicide case in which the court, by some limitations in his charge, deprived the jury of the right to consider certain testimony which clearly appears to have been admissible as original testimony on that trial. The other case cited by counsel is that of Tull v. State, 55 S. W. Rep., 61. In that case the application for a continuance was for absent witnesses by whom appellant expected to prove a statement made by the deceased mother of the prosecutrix in a rape case to the effect that her daughter was born at a certain time which would make her over the age of consent at the time of the rape. By the other witness that he had heard the prosecutrix's father make statements as to her age, and had seen the family Bible in which the age of the prosecutrix was written down, and that such testimony would show that she was beyond the age of consent. This court has held that testimony such as this, going to show the age, could, in some cases, be proved by hearsay, which would make same admissible as evidence in chief, and we do not think this case is authority for appellant's contention.

Counsel for the appellant have shown great research and ability in the preparation of their motion for a rehearing, but we are unable to agree with them in the soundness of their propositions.

The motion for rehearing is overruled.

*Overruled.*