**Vaughn SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45913.**

Court of Criminal Appeals of Texas.

March 21, 1973.

Rehearing Denied May 16, 1973.

---

John Mustachio, Houston, for appellant.

Robert O. Smith, Dist. Atty., Michael J. McCormick, Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

Appellant and Nelson Eddy Smith were jointly indicted and tried before the court without a jury for burglary with intent to commit theft, on pleas of not guilty. Both were convicted. The punishment for Vaughn Smith was set at two (2) years, and for Nelson Eddy Smith at five (5) years.

Appellant raises as his only ground of error, stated in different ways, the insufficiency of the evidence.

Stated in summarized form, the evidence showed that:

Raymond L. Burdett, Jr., owned a house on Lake Travis in Travis County, which he used only occasionally. The house was kept locked and the doors shut, and he gave no one permission to enter or take anything out. However, on September 24, 1971, he was having Marcel Andrada paint the house and had given him a key. Burdett went to the house on the 24th, after this offense, found the kitchen cabinets torn open and the hinges broken off and a cedar chest ripped open and a lock "jimmied" off it. He identified a Transit Company token, a keepsake, a lock his wife had a long time, and a 1944 quarter which were in the chest at the time this event occurred.

The painter, Andrada, said he saw two men, identified as the two men on trial, drive up to the Burdett house in a black pickup at about 3 P. M., and later saw a woman in it. One of the men said to Andrada that Burdett had sent them out to check on a stopped sewer line, and went in the house, "and I heard something banging and going on in there. It was something like he was prying, just banging." "And a little later on he came back to the living room and there was a big chest there, and he was trying to open it." The second man took Andrada to show him where the line was stopped up, then went inside the house with a tire tool. He saw both men and the woman inside the house. One of the men said, "that's all we can do" and they left.

When the three of them left Andrada called Mrs. Burdett and told her what had

happened and gave her the license number of the truck.

Deputy Sheriff Hard received a call giving him the description of the truck and the license number, and shortly thereafter he stopped it, with the two Smiths and the woman in it.

Boyd Burdett, a Deputy Sheriff, went to the place where Deputy Hard had stopped the truck, and they took the occupants, the Smiths, to the Sheriff's office, where Deputy Burdett took from the pocket of Nelson Eddy Smith the Transit Company token, the lock and the 1944 quarter above referred to, which were admitted in evidence and identified by the owner as having been in the cedar chest in the house at the time of this event.

It was shown that Nelson Eddy Smith was the first of the two men to enter the house, but that Vaughn Smith tried to divert Andrada's attention and later went in the house himself with a tire tool.

Andrada testified that he did not give these men permission to enter the house, that he had a key and left it unlocked, but did not testify that he left the doors open. Neither Vaughn Smith nor Nelson Eddy Smith testified.

The evidence as to the entry into the house by force and breaking, as alleged in the indictment, was not fully developed and in order to examine its sufficiency, we will recite it.

Andrada testified that the house had two screen doors on the back, on the west side, one on each side of the chimney; that he kept his paint inside the house while he was at work, but he did not say that the screen doors were open.

Fanny Thorndyke Smith, the wife of Nelson Eddy Smith, was placed on the stand by the attorney for the appellants. She testified that after Vaughn Smith came and told her that her husband was in the house, "I went and opened the screen door, but I never went in." Further, "I went to that door and opened it," and, "I opened that door and I stepped up on that step."

■ While we are of the opinion that the State's own attorney was careless in not presenting the evidence on this critical point in a clearer and more satisfactory manner, we have concluded that in the light of the entire record it was shown that it was necessary to open a screen door to enter the house. The trial was before the court without a jury, and the trial court considered the evidence sufficient when he convicted and sentenced appellant.

Article 1394, Vernon's Ann.P.C., reads:

"By 'breaking,' as used in this chapter, is meant that the entry must be made with actual force. The slightest force, however, is sufficient to constitute breaking;" etc.

■ The opening of a closed door is sufficient to constitute force and breaking as used in the burglary statute. Lee v. State, Tex.Cr.App., 459 S.W.2d 851 and cases therein cited; Perkins v. State, Tex. Cr.App., 489 S.W.2d 917 (1973).

The evidence is sufficient to prove appellant's guilt by fraud as well as by breaking as a principal and we overrule his ground of error.

The judgment is affirmed.

Opinion approved by the Court.