**Ex parte Joe Bob BENNETT.**

**No. 48376.**

Court of Criminal Appeals of Texas.

May 1, 1974.

Mark S. Ward, Weldon, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is a habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P., in which petitioner seeks credit for the time he spent in the Texas Department of Corrections while his first conviction was on appeal.

Petitioner seeks to have this Court order that he be granted credit for time spent in the Texas Department of Corrections while his case was on appeal, with "good time" included.

On January 26, 1967, petitioner was convicted of the offense of burglary and sentenced to eight years. Petitioner was returned to Moore County on January 31, 1968, when his original conviction was reversed by this Court on December 6, 1967. See Bennett v. State, 422 S.W.2d 438 (Tex. Cr.App.1968). Following retrial, on December 16, 1968, petitioner was again convicted for this same offense and sentenced to eight years. His conviction was affirmed by this Court on April 22, 1970. See

Bennett v. State, 452 S.W.2d 477 (Tex.Cr. App.1970). Petitioner's sentence was ordered to begin on May 19, 1970, and he did not receive any credit for the time he had previously spent in the Texas Department of Corrections.

In the case at bar, petitioner was constitutionally entitled to credit for time he spent in the Texas Department of Corrections pending his original appeal.[1] See Vessels v. State, 467 S.W.2d 259 (Tex.Cr. App.1971); Ex parte Washburn, 459 S.W. 2d 637 (Tex.Cr.App.1970). As for "good time" credit upon the time petitioner spent in the Texas Department of Corrections, we also conclude that petitioner should be considered for good time credit.

The Supreme Court of the United States in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) stated in reference to good time:

"We hold that the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exerted must be fully 'credited'[13] in imposing sentence upon a new conviction for the same offense."

In footnote 13 to the above quote, the Court stated:

"Such credit must, of course, include the time credited during service of the first prison sentence for good behavior, etc."

The Texas Department of Corrections' records attached to petitioner's writ do not establish exactly how much "good time" credit, if any, that he is entitled to. Therefore, the question whether he is entitled to "good time" credit must be determined pursuant to the normal rules and regulations of the administration of the Texas Department of Corrections' disciplinary system, which allows a denial of "good time" credits depending on an inmate's conduct within the institution. See

Ex parte Enriquez, 490 S.W.2d 546 (Tex. Cr.App.1973).

Petitioner is entitled to the time he has served in the Texas Department of Corrections pending the reversal of his original appeal. Furthermore, a copy of this opinion shall be sent to the Texas Department of Corrections for determination of good time credit, if any.

It is so ordered.

---

1. From January 26, 1967 until January 31, 1968.