**Thomas Alvin SAMPLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00142–CR.**

Court of Appeals of Texas, Dallas.

Dec. 8, 1981.

Melvyn Bruder, Dallas, for appellant.

Maridell Templeton, R. Kristin Weaver, Asst. Dist. Attys., Dallas, for appellee.

Before CARVER, STOREY and VANCE, JJ.

VANCE, Justice.

This is an appeal from a conviction of reckless damage or destruction, a class "C" misdemeanor. Trial was before the court; punishment was assessed at a fine of $200.00. Appellant was originally charged with burglary of a coin-operated machine, a class "A" misdemeanor. Appellant contends that reckless damage or destruction is not a lesser included offense of burglary of a coin-operated machine and that the trial court lacked jurisdiction to enter the judgment of conviction. We agree and thus reverse.

The primary offense charged in the information was burglary of a coin-operated machine under § 30.03(a) of the Tex.Penal Code Ann. (Vernon 1974), which provides in part:

(a) A person commits an offense if, without the effective consent of the owner, he breaks and enters into any coin-operated contrivance, apparatus, or equipment used for the purpose of providing lawful ... sales of goods ... with intent to obtain property . . . .

The elements of this offense, as plead in this case, are (1) the defendant, (2) intentionally and knowingly, (3) without the effective consent of the owner, (4) break and enter, (5) a coin-operated machine, and (6) with the intent to obtain property.

The appellant was convicted of reckless damage or destruction under § 28.04(a) of the Tex.Penal Code Ann. (Vernon 1974), which provides:

(a) A person commits an offense if, without the effective consent of the owner, he recklessly damages or destroys property of the owner.

The elements of this offense are: (1) the defendant, (2) recklessly, (3) without the effective consent of the owner and (4) damages or destroys property.

The applicable statute on the question of lesser included offenses is Tex.Code Crim. Pro.Ann. art. 37.09 (Vernon 1981), which provides:

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission, or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

We must determine whether reckless damage or destruction is a "lesser included offense" of burglary of a coin-operated machine under any of the four subsections of Article 37.09. Subsection (1) requires that the lesser offense be proved by the same or less than all of the facts necessary to establish the primary offense. Does reckless damage or destruction require proof of any element which is not included as an element of burglary of a coin-operated machine? Yes, it requires that the proof shows "damages or destroys property."

The State argues by its brief that the element of "breaking" suffices to show damage. We must then examine what "breaking" has been interpreted to mean in burglary cases. The courts have given meaning to the term "breaking" as used in burglary offenses on many occasions. The word "breaking" implied actual force, but not such force as must have necessarily amounted to violence. *State v. Robertson*, 32 Tex. 159, (1869). The pushing open of a closed door held in place only by the friction of the door itself was a sufficient breaking. *Sparks v. State*, 34 Tex.Cr.R. 86, 29 S.W.

264 (1895); *McNew v. State*, 84 Tex.Cr.R. 594, 208 S.W. 528 (1919). Opening a closed door was a breaking. *Smith v. State*, 491 S.W.2d 678 (Tex.Crim.App.1973). A "breaking" as an element of the crime of burglary meant an entry made with actual force, although the slightest force, as by lifting the latch of a door that was shut, or the opening of a door that was shut or locked, or the raising of a window, was sufficient. *Hollis v. State*, 69 Tex.Cr.R. 286, 153 S.W. 853 (1913); *Dennis v. State*, 71 Tex.Cr.R. 162, 158 S.W. 1008 (1913). These authorities establish that the element "break and enter" in the burglary of a coin-operated machine does not require proof to any degree that there was "damage or destruction" of property; therefore, such proof does not establish the commission of the offense of reckless damage or destruction. Thus, it is not a lesser included offense under subsection (1) of Article 37.09. *See Eldred v. State*, 578 S.W.2d 721 (Tex.Cr.App.1979).

To be a lesser included offense under subsection (2) of Article 37.09, the only difference in the elements must be "that a less serious risk of injury to . . . property . . ." exists. The cases cited earlier on the meaning of "breaking" and the common usage of "damage or destruction" show that subsection (2) would not apply in the instant case.

The State argues that subsection (3) Article 37.09 may apply in this case since the culpable mental state of "recklessly" is less than "intentionally" or "knowingly" required in burglary of a coin-operated machine offense. True, "recklessly" is a "less culpable mental state . . ." as required in subsection (3), but this subsection also states the lesser offense "differs from the offense charged *only* in the respect that a less culpable mental state suffices to establish its commission" (emphasis supplied). Therefore, subsection (3) does not apply because the culpable mental state is not the only difference.

Subsection 4 provides for the finding of an "attempt" under Tex.Penal Code Ann. 15.01 (Vernon 1978). The judge, in finding the accused guilty of reckless damage or destruction, certainly did not find him guilty of an attempt to commit any type of offense. Therefore, subsection (4) of Article 37.09 is not applicable.

 Accordingly, we hold that the trial court had no jurisdiction to enter a judgment of conviction for the offense of reckless damage or destruction because it is not a lesser included offense of burglary of a coin-operated machine. In finding the accused guilty of what the trial court believed to be a lesser included offense, the court acquitted the appellant of the primary offense. *Ex parte Gutierrez*, 600 S.W.2d 933 (Tex.Cr.App.1980).

Reversed and acquittal ordered to be entered.