**Peter NASSAR, and Vernon Cederstrom, Appellants,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–89–412–CR, 13–89–414–CR.**

Court of Appeals of Texas,
Corpus Christi.

Sept. 13, 1990.

Thomas White, Corpus Christi, for appellants.

Grant Jones and James D. Rosenkild, Dist. Attorney's Office, for appellee.

Before NYE, C.J., and DORSEY and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

Appellants pleaded guilty to conspiracy to commit aggravated unlawful possession

of marihuana[1], a first degree felony, after the trial court set their original convictions, based on pleas to non-offenses, aside. By four identical points of error, each appellant contends that the Double Jeopardy Clause precluded the trial court from trying them again and, alternatively, that they are entitled to credit for time previously spent on probation. We affirm the trial court's judgments.

In January, 1988, each appellant was indicted separately for an alleged August 22, 1987, conspiracy to commit aggravated unlawful possession of marihuana, in an amount between 50 and 200 pounds. As part of a plea bargain, each appellant on March 11, 1988, pleaded to conspiracy to possess between 5 and 50 pounds of marihuana, for which the trial court assessed a term of ten years, probated for ten years. Apparently, all believed at the time that this was a plea to a lesser included offense. Later, appellants applied for writs of habeas corpus, and the trial court determined that no such offense existed.[2] On May 5, 1989, the trial court entered orders setting aside the convictions, withdrawing the pleas of guilty, returning the parties to the positions they were in before their pleas, and setting a trial date. On August 28, 1989, appellants pleaded nolo contendere to conspiracy to commit aggravated unlawful possession of 50 to 200 pounds of marihuana, as the indictment alleged, again by a plea bargain. The trial court assessed punishment at ten years, probated for ten years, in accordance with the bargain.

■ By point one, appellants argue that the trial court erred in setting the matter for trial after it granted the writ of habeas corpus. As we understand their point, appellants contend that by convicting them of the lesser offense, the trial court impliedly acquitted them of the greater offense, and the retrial of the original offense violated their rights against double jeopardy.

Appellants cite *Cunningham v. State*, 694 S.W.2d 629, 630 (Tex.App.—San Antonio 1985), *rev'd on other grounds*, 726 S.W.2d 151 (Tex.Crim.App.1987) and *Sample v. State*, 629 S.W.2d 86, 88 (Tex.App.—Dallas 1981, no pet.) for the proposition that in finding an accused guilty of what it believes is a lesser included offense, a trial court acquits on the primary charged offense. *Cunningham* is distinguishable in that the Court of Criminal Appeals found that the offense *was* a lesser included offense and affirmed the conviction. The State points out that both *Cunningham* and *Sample* involved bench trials upon pleas of not guilty in which the trial courts did find, on the merits, that those defendants were guilty only of the supposed lesser offenses. The finding of guilt on the lesser included offense occurred only after the evidence was heard and the trial court found it insufficient to convict on the charged offenses, but adequate to convict on the lesser included offenses.

When a defendant claims that a previous acquittal on other charges bars prosecution, it is his burden to show that facts were found in his favor on a crucial issue. *See Ladner v. State*, 780 S.W.2d 247, 258 (Tex.Crim.App.1989). In this case, the trial court merely approved a plea bargain, which did not require it to find that the evidence would not support a conviction for what was believed to be the greater offense. Thus there was no implied acquittal.

Ordinarily, when a defendant repudiates a plea bargain by withdrawing the plea or

---

1. Texas Controlled Substances Act, formerly Tex.Rev.Civ.Stat.Ann. art. 4476–15, recodified with no substantive changes at Tex. Health & Safety Code Ann. § 481.121(d)(1) (Vernon Supp. 1990).

2. Unlawful possession of marihuana was an offense under Tex.Rev.Civ.Stat.Ann. art. 4476–15 § 4.051(a), now Tex. Health & Safety Code Ann. § 481.121(a). Possession of more than 50 pounds was an aggravated offense under former § 4.051(c), now Tex. Health & Safety Code Ann.

§ 481.121(c). Article 4476–15 § 4.011 applied the conspiracy law found at Tex.Penal Code Ann. § 15.02 to aggravated offenses under 4476–15 § 4. *See* 1983 Gen'l & Spec. Laws, 68th Leg., ch. 425, § 4, p. 2371, *amended by* 1989 Gen'l & Spec. Laws, 71st Leg., ch. 678, § 1, p. 2939. Since possession of less than 50 pounds was not an aggravated offense under 4476–15 § 4, § 4.011 did not operate to make conspiracy to possess less than 50 pounds an offense.

by successfully challenging his conviction, retrial on the original charge does not violate double jeopardy. *See Santobello v. New York*, 404 U.S. 257, 263 n. 2, 92 S.Ct. 495, 499 n. 2, 30 L.Ed.2d 427 (1971); *United States v. Kim*, 884 F.2d 189, 191–92 (5th Cir.1989); *Fransaw v. Lynaugh*, 810 F.2d 518, 524 (5th Cir.1987), *cert. denied*, 483 U.S. 1008, 107 S.Ct. 3237, 97 L.Ed.2d 742 (1987).

The State relies on *Shannon v. State*, 708 S.W.2d 850, 851–52 (Tex.Crim.App. 1986). In *Shannon*, the defendant pleaded guilty pursuant to a bargain and then successfully attacked his conviction. The Court of Criminal Appeals held that since the bargain could not be carried out, both the defendant and the State should be returned to their pre-agreement positions.

Moreover, when a defendant is charged by indictment, the trial court has no jurisdiction to convict of a different crime which is not a lesser included offense. *See Houston v. State*, 556 S.W.2d 345, 347 (Tex. Crim.App.1977). In the absence of jurisdiction, a conviction is a nullity, and jeopardy does not attach. *Houston*, 556 S.W.2d at 347. Since a trial court lacks jurisdiction to entertain a plea to an indictment which does not allege an offense (*see Ex parte County*, 577 S.W.2d 260, 261 (Tex.Crim. App.1979)) and to accept a plea to something believed to be a lesser included offense, but which is not (*see Andrews v. State*, 774 S.W.2d 809, 810 (Tex.App.— Eastland 1989, pet ref'd)), it also lacks jurisdiction to accept a plea for something which is not an offense at all. We overrule point one.

By point two, appellants contend that the trial court erred in not granting their writs of habeas corpus in which they raised their double jeopardy claims, and by point three, that their new convictions violate the United States Constitution's guarantee against double jeopardy. In our discussion under point one, we concluded that the trial court had no jurisdiction to accept the pleas to the non-offense. When in theory a conviction never existed, since it was void, there was nothing to which jeopardy could attach. *See Ex parte Quirke*, 710 S.W.2d

582, 584 (Tex.Crim.App.1986); *Palm v. State*, 656 S.W.2d 429, 431 (Tex.Crim.App. 1981). Since jeopardy did not attach as a result of the void convictions which were set aside, no question of double jeopardy arose when the State obtained proper convictions. *See Fransaw*, 810 F.2d at 523. We overrule points two and three.

■ By their fourth point, appellants argue that the trial court erred in refusing to give them credit for the time they had spent on probation under the void convictions. Appellants had spent one year and two months on probation for the void convictions. The trial court ordered that the supervisory fees for the last year and two months of probation be waived. It did not credit appellants with the time spent under the void convictions.

The Double Jeopardy Clause protects against multiple punishments for the same offense. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Ex parte Herron*, 790 S.W.2d 623, 624 (Tex.Crim.App.1990). Appellants cite *North Carolina v. Pearce*, 395 U.S. 711, 718–19, 89 S.Ct. 2072, 2077, 23 L.Ed.2d 656 (1969), which states, "[T]he constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exerted must be fully 'credited' in imposing sentence upon a new conviction for the same offense," and point out that Texas adopted this position in *Ex parte Bennett*, 508 S.W.2d 646, 647 (Tex.Crim.App.1974). Appellants argue that although *Pearce* and *Bennett* involved prison terms, the rationale should apply to probation terms.

The analysis used in *Pearce* and *Bennett* is inapplicable here as no sentence was imposed on appellants; rather, they were sentenced to serve ten years in prison, but the imposition of sentence was suspended for ten years. During the period of probation a defendant is not serving a sentence; only when probation is revoked does he begin to serve his sentence of imprisonment. He is not given credit toward his sentence for the time he has served on probation; rather, if probation is revoked at any time, even towards the end of the

probationary term, the defendant is subject to serving the entire sentence in prison. Although for the entire time the probation is in effect the defendant suffers the risk that it will be revoked if he violates a term of the probation, it cannot be said that while he is on probation he is serving a sentence that was imposed as a punishment for the crime of which he was convicted. We overrule point four. We AFFIRM the trial court's judgment.