

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-154-CR

EX PARTE

ROBERT J. GALLEMORE

------------

### FROM THE 271ST DISTRICT COURT OF WISE COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Robert J. Gallemore appeals from the trial court's order denying the relief requested in his application for writ of habeas corpus, filed on double jeopardy grounds.  We affirm.

---

[1] See TEX. R. APP. P. 47.4.

**Background**

On March 24, 2006, appellant entered an open plea of guilt to the offense of felony DWI.[2] That same day, he also signed written plea admonishments. In the judicial confession section of the plea paperwork, appellant's attorney crossed out the sentence, "Any enhancement and habitual allegations set forth in the Indictment, if any are true, [and] correct, except those expressly waived by the State," and initialed next to the deletion. The trial court accepted appellant's plea, found him guilty, and set a hearing for a month later to consider punishment.

At the April 27, 2006 hearing, the trial court admitted three State's exhibits showing the following prior convictions of appellant: a conviction for DWI with felony repetition dated October 9, 2003; a conviction for DWI misdemeanor repetition dated November 8, 2000; and a conviction for DWI open container dated February 9, 1998. The State then called Randy Moon, an adult probation supervisor, to testify that appellant was not a good candidate for probation. After the State rested, appellant's attorney proffered several letters of reference to the court without objection. Both sides then closed.

---

[2] *See* TEX. PENAL CODE ANN. § 49.09(b) (Vernon 2008).

However, before the trial court sentenced appellant, his attorney told the judge he had "some argument" and proceeded to contend that the State had failed to plead and prove a felony offense. Appellant's counsel pointed out that one of the offenses set forth in the indictment as a prior offense to make the instant offense a felony was actually alleged to have occurred on October 9, 2005, after the date of the instant offense, May 29, 2005. Accordingly, appellant argued, the indictment alleged only a misdemeanor offense, appellant pled guilty only to a misdemeanor offense, and the trial court did not have jurisdiction over the case. However, appellant did not request a dismissal, only that he be subject to the lesser punishment range for misdemeanor DWI. The trial court ordered the parties to brief the issue.

On May 30, 2007, the trial court signed an order dismissing the case for lack of jurisdiction. The following recitation is included in the order: "the Court is of the opinion that it is without jurisdiction, declares a mistrial and finds that dismissal for lack of jurisdiction is in order." In the meantime, the State had reindicted appellant on May 26, 2006, alleging the instant DWI as well as prior convictions dated November 8, 2000 and February 9, 1998 for enhancement purposes. The new indictment also contains a habitual offender paragraph, alleging the October 9, 2003 DWI and a July 17, 1985 conviction for robbery.

3

Appellant filed a Special Plea of Former Jeopardy in the reindicted case, which the trial court denied on July 27, 2007. On April 2, 2008, appellant filed a Petition for Writ of Habeas Corpus Double Jeopardy in which he alleged that prosecution under the reindicted case was barred. Specifically, appellant alleged that jeopardy had attached in the former proceeding because appellant had already entered his guilty plea and that there was no manifest necessity for declaring a mistrial. The trial court denied the requested relief on April 30, 2008, and appellant appealed.

**Analysis**

The Double Jeopardy Clause of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense. U.S. CONST. amend. V. Generally, this clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); *Ex parte Herron*, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990) (op. on reh'g).

Jeopardy attaches in a bench trial when both sides have announced ready and the defendant has entered his plea. *Ortiz v. State*, 933 S.W.2d 102, 105–06 (Tex. Crim. App. 1996); *State v. Torres*, 805 S.W.2d 418, 420–21

4

(Tex. Crim. App. 1991).  But a subsequent prosecution for the same offense is not jeopardy-barred when the initial conviction was obtained in the absence of jurisdiction because such a conviction is a nullity.  *Hoang v. State*, 872 S.W.2d 694, 697–98 (Tex. Crim. App. 1993), *cert. denied*, 513 U.S. 863 (1994); *Nassar v. State*, 797 S.W.2d 318, 319–20 (Tex. App.—Corpus Christi 1990, pet. ref'd); *see Houston v. State*, 556 S.W.2d 345, 347 (Tex. Crim. App. 1977).

Here, although appellant had not yet been sentenced, the trial court had accepted his plea and found him guilty.  But, as appellant argued to the trial court, appellant had pled guilty only to a misdemeanor, not a felony.  The 271st District Court does not have jurisdiction over this type of misdemeanor.  TEX. CONST. art. V, § 8; TEX. CODE CRIM. PROC. ANN. art. 4.05 (Vernon 2005); TEX. GOV'T CODE ANN. § 24.007 (Vernon 2004); *Puente v. State*, 71 S.W.3d 340, 343 (Tex. Crim. App. 2002).  Accordingly, appellant's guilty plea was void, and the trial court could not grant him the relief he requested at the April 2006 hearing:  to punish him only for a misdemeanor.  *See Ex parte McCain*, 67 S.W.3d 204, 210 (Tex. Crim. App. 2002) (holding that void convictions are "those in which the trial court lacked jurisdiction over the person *or subject matter* or in which the trial judge lacked qualification to act in any manner")

(emphasis added); *Donovan v. State*, 232 S.W.3d 192, 196 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

We conclude and hold that proceedings against appellant in accordance with the new indictment in this case are not jeopardy-barred because the trial court did not have jurisdiction over the prior proceeding, in which the State alleged—and appellant pled guilty to—a misdemeanor rather than a felony. *Hern v. State*, 892 S.W.2d 894, 895–96 (Tex. Crim. App. 1994), *cert. denied,* 515 U.S. 1105 (1995); *Hoang*, 872 S.W.2d at 698; *Nassar*, 797 S.W.2d at 319–20. Accordingly, we affirm the trial court's order denying the relief requested in appellant's petition for writ of habeas corpus.

TERRIE LIVINGSTON
JUSTICE

PANEL F:   LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: July 17, 2008

6