COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-154-CR

 

 

EX PARTE

ROBERT
J. GALLEMORE                                                                       

 

                                                                                                        

 

                                              ------------

 

              FROM THE 271ST DISTRICT COURT OF WISE COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Robert J. Gallemore appeals from the
trial court=s order denying the relief
requested in his application for writ of habeas corpus, filed on double
jeopardy grounds.  We affirm.








Background

On March 24, 2006, appellant
entered an open plea of guilt to the offense of felony DWI.[2]  That same day, he also signed written plea
admonishments.  In the judicial
confession section of the plea paperwork, appellant=s
attorney crossed out the sentence, AAny
enhancement and habitual allegations set forth in the Indictment, if any are
true, [and] correct, except those expressly waived by the State,@ and
initialed next to the deletion.  The
trial court accepted appellant=s plea,
found him guilty, and set a hearing for a month later to consider
punishment.  

At the April 27, 2006 hearing, the trial court
admitted three State=s exhibits showing the following
prior convictions of appellant:  a
conviction for DWI with felony repetition dated October 9, 2003; a conviction
for DWI misdemeanor repetition dated November 8, 2000; and a conviction for DWI
open container dated February 9, 1998. 
The State then called Randy Moon, an adult probation supervisor, to
testify that appellant was not a good candidate for probation.  After the State rested, appellant=s
attorney proffered several letters of reference to the court without
objection.  Both sides then closed.  








However, before the trial court sentenced
appellant, his attorney told the judge he had Asome
argument@ and
proceeded to contend that the State had failed to plead and prove a felony
offense.  Appellant=s
counsel pointed out that one of the offenses set forth in the indictment as a
prior offense to make the instant offense a felony was actually alleged to have
occurred on October 9, 2005, after the date of the instant offense, May 29,
2005.  Accordingly, appellant argued, the
indictment alleged only a misdemeanor offense, appellant pled guilty only to a
misdemeanor offense, and the trial court did not have jurisdiction over the
case.  However, appellant did not request
a dismissal, only that he be subject to the lesser punishment range for
misdemeanor DWI.  The trial court ordered
the parties to brief the issue. 

On May 30, 2007, the trial court signed an order
dismissing the case for lack of jurisdiction. 
The following recitation is included in the order:  Athe
Court is of the opinion that it is without jurisdiction, declares a mistrial
and finds that dismissal for lack of jurisdiction is in order.@  In the meantime, the State had reindicted
appellant on May 26, 2006, alleging the instant DWI as well as prior
convictions dated November 8, 2000 and February 9, 1998 for enhancement
purposes.  The new indictment also
contains a habitual offender paragraph, alleging the October 9, 2003 DWI and a
July 17, 1985 conviction for robbery.  








Appellant filed a Special Plea of Former Jeopardy
in the reindicted case, which the trial court denied on July 27, 2007.  On April 2, 2008, appellant filed a Petition
for Writ of Habeas Corpus Double Jeopardy in which he alleged that prosecution
under the reindicted case was barred.  Specifically,
appellant alleged that jeopardy had attached in the former proceeding because
appellant had already entered his guilty plea and that there was no manifest
necessity for declaring a mistrial.  The
trial court denied the requested relief on April 30, 2008, and appellant
appealed.  

Analysis

The Double Jeopardy Clause of the United States
Constitution provides that no person shall be subjected to twice having life or
limb in jeopardy for the same offense. 
U.S. CONST. amend. V.  Generally, this clause
protects against (1) a second prosecution for the same offense after acquittal,
(2) a second prosecution for the same offense after conviction, and (3)
multiple punishments for the same offense. 
Brown v. Ohio, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); Ex
parte Herron, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990) (op. on reh=g).








Jeopardy attaches in a bench trial when both
sides have announced ready and the defendant has entered his plea.  Ortiz v. State, 933 S.W.2d 102, 105B06 (Tex.
Crim. App. 1996); State v. Torres, 805 S.W.2d 418, 420B21 (Tex.
Crim. App. 1991).  But a subsequent
prosecution for the same offense is not jeopardy-barred when the initial
conviction was obtained in the absence of jurisdiction because such a
conviction is a nullity.  Hoang v.
State, 872 S.W.2d 694, 697B98 (Tex.
Crim. App. 1993), cert. denied, 513 U.S. 863 (1994); Nassar v. State,
797 S.W.2d 318, 319B20 (Tex. App.CCorpus
Christi 1990, pet. ref=d); see Houston v. State,
556 S.W.2d 345, 347 (Tex. Crim. App. 1977).








Here, although appellant had not yet been
sentenced, the trial court had accepted his plea and found him guilty.  But, as appellant argued to the trial court,
appellant had pled guilty only to a misdemeanor, not a felony.  The 271st District Court does not have
jurisdiction over this type of misdemeanor. 
Tex. Const. art. V, ' 8; Tex. Code Crim. Proc. Ann. art. 4.05
(Vernon 2005); Tex. Gov=t Code
Ann. ' 24.007 (Vernon 2004); Puente
v. State, 71 S.W.3d 340, 343 (Tex. Crim. App. 2002).  Accordingly, appellant=s guilty
plea was void, and the trial court could not grant him the relief he requested
at the April 2006 hearing:  to punish him
only for a misdemeanor.  See Ex parte
McCain, 67 S.W.3d 204, 210 (Tex. Crim. App. 2002) (holding that void
convictions are  Athose in
which the trial court lacked jurisdiction over the person or subject matter
or in which the trial judge lacked qualification to act in any manner@)
(emphasis added); Donovan v. State, 232 S.W.3d 192, 196 (Tex. App.CHouston
[1st Dist.] 2007, no pet.).

We conclude and hold that proceedings against
appellant in accordance with the new indictment in this case are not
jeopardy-barred because the trial court did not have jurisdiction over the
prior proceeding, in which the State allegedCand
appellant pled guilty toCa misdemeanor rather than a
felony.  Hern v. State, 892 S.W.2d
894, 895B96 (Tex.
Crim. App. 1994), cert. denied, 515 U.S. 1105 (1995); Hoang, 872
S.W.2d at 698; Nassar, 797 S.W.2d at 319B20.  Accordingly, we affirm the trial court=s order
denying the relief requested in appellant=s
petition for writ of habeas corpus.

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL F:    LIVINGSTON, HOLMAN,
and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: July 17, 2008











[1]See Tex.
R. App. P. 47.4.





[2]See Tex. Penal Code Ann. ' 49.09(b) (Vernon 2008).