

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-88,720-01 & -02

### EX PARTE JASON EARL WHITE, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. W10077-1 & W8888-1 IN THE 355TH DISTRICT COURT FROM HOOD COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). In Cause No. CR10077, Applicant was convicted of three counts of aggravated sexual assault, one count of indecency with a child by contact, and three counts of indecency with a child by exposure and sentenced to sixty-five years' imprisonment, twenty years' imprisonment, and eight years' imprisonment, respectively. In Cause No. 8888, Applicant was convicted of aggravated sexual assault of a child and sentenced to forty years' imprisonment. Applicant's convictions were affirmed by the Second Court of Appeals in *White v. State*, Nos. 02-07-089-CR & 02-07-090-CR (Tex. App.—Fort Worth May 29, 2008)(not

designated for publication).

Applicant contends, among other things, that counsel was deficient for failing to effectively cross-examine the State's expert witness, Dr. Jayme Coffman. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). It also appears that Applicant is complaining about pre-sentence jail time credit. *Ex parte Bennett*, 508 S.W.2d 646 (Tex. Crim. App. 1974).

In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel.

It appears that Applicant is represented by counsel. The trial court shall determine whether Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings of fact as whether it has ruled on Applicant's Judgment *Nunc Pro Tunc* that was filed with the trial court on June 22, 2017, requesting flat and good time credit accrued under Applicant's previous conviction, and if not, the trial court shall indicate the legal basis for the refusal to rule on the motion. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 12, 2018
Do not publish