Ex parte Edward J. QUIRKE.

No. 69384.

Court of Criminal Appeals of Texas, En Banc.

Jan. 15, 1986.

Edward J. Quirke, pro se.

John B. Holmes, Jr., Dist. Atty., Karrie Key, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

WHITE, Judge.

This is a post-conviction application for writ of habeas corpus brought pursuant to Art. 11.07, V.A.C.C.P.

Applicant was originally convicted of burglary of a habitation in Harris County on July 6, 1976. The jury found that applicant had two prior final felony convictions, and the court assessed his punishment at life. See V.T.C.A., Penal Code Sec. 12.42(d) (1974).[1]

It was later determined that one of the convictions used to enhance applicant's primary case was void because of a fatally defective indictment.[2] Applicant was granted an out of time motion for a new trial. At the new trial, the State was allowed to substitute an alternate conviction in place of the void one for purposes of enhancement. The jury found applicant guilty, found the allegation of two prior

convictions to be true, and his sentence was set at life by the trial judge. This Court in an unpublished panel opinion, affirmed applicant's conviction on direct appeal. *Quirke v. State,* 634 S.W.2d 729 (per curiam, delivered June 9, 1982).[3]

Although applicant submitted the same error to this Court on direct appeal as he does now, he claims the law has changed due to holdings of this Court handed down since his appeal. It is applicant's contention that his constitutional right to be free from being placed twice in jeopardy for the same offense was violated when the State was allowed to substitute an alternate conviction during the punishment phase of his second trial, for the one determined to be void. Applicant claims that the holdings of this Court in *Cooper v. State,* 631 S.W.2d 508 (Tex.Cr.App.1982); *Ex parte Augusta,* 639 S.W.2d 481 (Tex.Cr.App.1982); and *Carter v. State,* 676 S.W.2d 353 (Tex.Cr.App.1984), prohibit such a substitution and mandate a new trial. Applicant asks for a reversal of his conviction and a new trial under such terms as this Court deems proper.

The State claims that since applicant has raised this issue on direct appeal he is not entitled to further consideration of his claim in a collateral attack, citing *United States v. Burroughs,* 650 F.2d 595 (5th Cir.1981) cert. den. 454 U.S. 1037, 102 S.Ct. 580, 70 L.Ed.2d 483 (1981). Alternatively, the State claims that the cases cited by applicant, are distinguishable because in those cases the State failed to meet its burden of proof under Sec. 12.42(d), but in the present case *a new trial was granted because one of the prior convictions was predicated upon a fatally defective indictment; therefore it was permissible to*

1. At the time of applicant's conviction, a finding of two previous felony convictions mandated a sentence of life. There was no discretion regarding punishment available to the jury as there is in the current statute.

2. Although not specifically apparent from the record before us, it appears that the prior conviction was fatally defective because the allegations of the offense were defective as a matter of law. See *Reynolds v. State,* 547 S.W.2d 590

(Tex.Cr.App.1977). It is not disputed by the State that this conviction was in fact void.

3. Applicant's conviction was affirmed by this Court on direct appeal before the 1980 constitutional amendment which gave jurisdiction for direct appeal to the Court of Appeals except in capital cases. See Art. 5, Sec. 5, Texas Constitution.

*reindict applicant as an habitual offender.*[4] According to the State, the use of a void conviction for enhancement is not a failure of the State to "prove" the existence of a prior conviction, consequently jeopardy does not attach.

The issue to be decided is whether the use of a void conviction to enhance a present conviction under Sec. 12.42, supra, constitutes a failure of the State to prove its allegation, in such a way that double jeopardy would bar the State from another chance to prove the same allegations. For the reasons discussed below, we hold that use of a void conviction is insufficient evidence to enhance under Sec. 12.42, supra, and jeopardy attaches to bar relitigation of the issue.

■ It is unquestioned that double jeopardy prevents a new trial if there has been a reversal based on insufficiency of the evidence. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). This rule also applies to the punishment phase of a two tier trial process. *Bullington v. Missouri*, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981). Double jeopardy does *not*, however, prevent a new trial when the reversal was premised on a defective indictment. *Thompson v. State*, 527 S.W.2d 888 (Tex. Cr.App.1975); *Foster v. State*, 635 S.W.2d 710 (Tex.Cr.App.1982). This is because in theory the conviction never existed, since it was void, not just voidable, so there was nothing for jeopardy to attach to.

The State's argument rests on the fact that the enhancing conviction was not precluded from a retrial, because it was premised on a fundamentally invalid indictment. According to the State, since *that* conviction could have been retried with no double jeopardy problem, the State should be allowed to use another conviction in its place for Sec. 12.42(d) purposes in the primary case.

■ We disagree. We believe that the existence of a prior conviction is a factual allegation, see *Carter*, supra, at 354, that, like any other element of an offense, is covered by double jeopardy. Double jeopardy bars the State from retrying a case when there has already been a trial on the same issues which resulted in an acquittal or finding of guilt. *Burks*, supra; *Foster*, supra, *Thompson*, supra. The issues which would be retried in the present case are exactly the same; namely, the existence of a prior felony conviction. We hold that "conviction" in Sec. 12.42 requires a *valid* conviction. Quite simply, if a *void* conviction is used, the State has insufficiently proven a factual element, i.e., that the defendant has a prior conviction. Consequently, double jeopardy forbids the State from a second "bite at the apple" when proof of a fact is lacking, see *Augusta*, supra, at 485. Although proof of prior convictions is not necessary to sustain a conviction for the primary case, the result of their proof is to increase in almost every case[5] the sentence pronounced. If the enhancement portions of the indictment were part of a completely separate proceeding, i.e. a separate, distinct trial, the State would not be allowed a second chance at proof. Accordingly, we do not see why there should be a different constitutional standard when the proceeding is in conjunction with the trial in guilt/innocence. The result is the same: applicant's sentence is increased by proof of a fact, just like applicant's conviction was obtained to begin with, by proof of facts. Due process mandates a compliance with double jeopardy principles when a person is incarcerated. If the sentence is subject to increase, we believe due process mandates that the pro-

4. The emphasized words are quoted from the State's brief.

5. Although Sec. 12.42, supra, increases the maximum punishment, in some cases it is *possible* to receive the same sentence whether the conviction was enhanced or not, due to overlapping in the range of penalties. This could have happened in the present case because the range of penalties for burglary of a habitation includes life imprisonment. See V.T.C.A., Penal Code Sec. 30.02. However, with the use of enhancement, the *minimum* penalty which could be assessed was life.

cedures used comply with those same constitutional principles.

As for the State's contention that *Burroughs,* supra, prevents applicant from bringing collaterally what he has already brought directly, we would point out that decisions of the Fifth Circuit are not binding on us. Additionally, the Fifth Circuit in *Burroughs,* supra, relied on Title 28 U.S.C. Sec. 2255 for that portion of its holding. By its own terms, Sec. 2255 applies only to prisoners sentenced by courts established by an Act of Congress, not state courts. If the State actually meant Title 28 U.S.C., Sec. 2254, which applies to State prisoners seeking relief in the federal system, the argument also fails, because there is no precluding language in Sec. 2254, supra. *Burroughs,* supra, clearly is not in point. We also note that the Fifth Circuit has directly addressed the issue before us today in *French v. Estelle,* 692 F.2d 1021, at 1023 (5th Cir.1982), cert. den. 461 U.S. 937, 103 S.Ct. 2108, 77 L.Ed.2d 313 (1983), holding that a failure of the State to present sufficient evidence of prior convictions in order to enhance a conviction under Texas law at the first trial was barred in the second trial by double jeopardy. Finally, applicant's claim is actually a "no evidence" and not just an insufficient evidence claim, and can be brought at any time. See *Ex parte Moffett,* 542 S.W.2d 184 (Tex.Cr. App.1976); *Ex parte Barfield,* 697 S.W.2d 420 (Tex.Cr.App.1985); *Ex parte Murchison,* 560 S.W.2d 654 (Tex.Cr.App.1978).

Accordingly, applicant's writ is granted and since applicant was tried and sentenced by a jury, under *Ex parte Augusta,* supra, we grant applicant a new trial. Should applicant be convicted in the new trial, we additionally hold that his punishment may not be enhanced under subsection (d) of Sec. 12.42, but may be enhanced by one and *only* one prior conviction which would otherwise be admissible.

Accordingly, applicant shall be remanded to the custody of the Sheriff of Harris County for retrial. A copy of this opinion is to be forwarded by the Clerk of this Court to the Texas Department of Corrections.

McCORMICK and TEAGUE, JJ., dissent.