**Ex parte Clyde Wade SEWELL, Applicant.**

**No. 69710.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 7, 1987.

Rehearing Denied Oct. 21, 1987.

J. Brent Liedtke, Galveston, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPLICANT'S MOTION FOR REHEARING

TEAGUE, Judge.

This Court's original majority unpublished opinion that was filed in this cause on February 18, 1987 is hereby withdrawn.

This is an application for post-conviction writ of habeas corpus that was filed by Clyde Wade Sewell, hereinafter referred to as the applicant, in the trial court and transferred to this Court pursuant to the provisions of Article 11.07, § 2(b), V.A.C. C.P.

The record reflects that in 1975 applicant was convicted by a jury for committing the first degree felony offense of delivery of a controlled substance, namely, heroin. Punishment, enhanced by a prior felony conviction that was sustained in 1955, was assessed by the jury at 99 years' confinement in the Department of Corrections. In 1977 this Court affirmed the conviction and sentence in an unpublished opinion. See *Sewell v. State,* 558 S.W.2d 897 (Tex.Cr.App.

1977). In 1981, based upon the fact that this Court had in 1980 set aside the above 1955 prior felony conviction after finding that same was void, see *Ex parte Sewell*, 606 S.W.2d 924 (Tex.Cr.App.1980), this Court in an unpublished opinion granted applicant a new trial on the 1975 conviction. See *Ex parte Sewell*, 616 S.W.2d 217 (Tex.Cr.App.1981). In 1981, applicant was reindicted and again convicted by a jury for committing the same primary felony offense. Punishment, enhanced by two prior felony convictions, one that had occurred in 1952 and one that had occurred in 1961, was assessed by the trial judge at life imprisonment in the Department of Corrections. See V.T.C.A., Penal Code, Section 12.42(d), prior to amendment.[1] The Houston First Court of Appeals affirmed in an unpublished opinion. See *Sewell v. State*, (Tex.App.–1st No. 01–82–02 55–CR, September 29, 1983). This Court refused applicant's petition for discretionary review on March 21, 1984, without opinion or comment. See *Sewell v. State* (Tex.Cr.App. No. 1097–83, March 21, 1984).

Applicant contends that his present 1981 conviction and life sentence should be set aside "due to the fact that allowing him to be tried a second time as an habitual offender involving the same primary offense ... [was violative of] the double jeopardy provisions of the United States Constitution and the Constitution of the State of Texas ..." (Page 2 of applicant's petition.) We find that the basis for applicant's assertion lies in the fact that the indictment on which he was tried in 1975 alleged for enhancement of punishment purposes, pursuant to § 12.42(d), supra, felony convictions that had occurred in 1955 and 1962,

but after he pled "untrue" to the enhancement allegations, see Art. 36.01(1), V.A.C.C.P., and at some unknown point in time during the punishment hearing stage of the trial, the State "abandoned" the 1962 conviction.

As noted, in 1980 this Court set aside the 1955 conviction. In the 1981 reindictment the State alleged four prior felony convictions, occurring in 1952, 1961, and 1962, for enhancement of punishment purposes. The 1962 conviction is the same one that was used in the 1975 trial to enhance applicant's punishment as a "repeater". However, the jury in the 1981 trial only found the 1952 conviction and one of the two 1961 felony convictions "true", which caused the trial judge to assess punishment at life imprisonment pursuant to § 12.42(d), supra.

We find that the question that we must answer is the following: Whether, where it is alleged in an indictment that the defendant has previously been convicted of at least two prior felony convictions, and he enters a plea of "untrue" to those allegations, and the State thereafter abandons one of the alleged enhancement convictions, and the defendant thereafter obtains a new trial because of error regarding the prior felony conviction that was used to enhance punishment, the State is thereafter barred by the respective Double Jeopardy Clauses from again seeking to have the defendant declared to be and punished as an "habitual offender" when the same primary felony offense has not changed? We answer the question in the affirmative.

This Court has held in several recent cases that when the State seeks to have a

---

**1.** Prior to amendment, effective September 1, 1983, § 12.42(d), supra, provided: "If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction [sic] he shall be punished by confinement in the Texas Department of Corrections for life." § 12.42(d), as amended, now provides that the punishment for a person found to be an "habitual offender" shall be by confinement in the Department of Corrections "for life, or for any term of not more than 99 years or less than 25 years." Thus, today, those persons who have been convicted for an offense committed after the amendment became effective, and have been found to have been previously convicted of two or more felony offenses, committed at different times, are no longer subject to having their punishment assessed at "automatic" life imprisonment by the trial judge. In this instance, because applicant committed the primary offense before the date of the amendment, his punishment was subject to being assessed under § 12.42(d) as it read prior to amendment.

defendant declared to be and punished as an "habitual offender", by so alleging in the indictment and attempting to establish those allegations during the punishment stage of the trial, and it is later found on appeal that the evidence is insufficient to sustain the enhancement paragraph allegations, or it is found on direct appeal or through post-conviction habeas corpus that one of the prior convictions that was alleged to enhance the punishment was void, the sentence will be set aside and, if the punishment issue was tried to the court, the cause will be remanded to the trial court to reassess punishment, or, if the punishment issue was tried to the jury, both the judgment of conviction and sentence will be set aside and the defendant will be entitled to a new trial on both guilt and punishment.[2] See, for example, *Ex parte Barfield*, 697 S.W.2d 420 (Tex.Cr. App.1985); *Ex parte Augusta*, 639 S.W.2d 481 (Tex.Cr.App.1982); *Hickman v. State*, 548 S.W.2d 736 (Tex.Cr.App.1977). In that instance, the State is thereafter barred by the respective double jeopardy clauses from again attempting to have the defendant declared at the retrial to be and punished as an "habitual offender" for committing the same primary offense: "Having received 'one fair opportunity to offer whatever proof it could assemble,' *Burks v. United States*, 437 U.S. [1], at 16, 98 S.Ct. [2141] at 2150, [57 L.Ed.2d 1 (1978)], the State is not entitled to another." *Carter v. State*, 676 S.W.2d 353, 355 (Tex.Cr.App. 1984). Also see *Ex parte Quirke*, 710 S.W. 2d 582 (Tex.Cr.App.1986); *Ex parte Bullard*, 679 S.W.2d 12 (Tex.Cr.App.1984); *Cooper v. State*, 631 S.W.2d 508 (Tex.Cr. App.1982); *Ex parte Augusta*, supra; and *Ex parte Gonzales*, 707 S.W.2d 570 (Tex. Cr.App.1986).

In this instance, although the State alleged in the 1974 indictment that applicant was an habitual offender, it did not seek to have him declared to be and punished as such at his 1975 trial on that indictment,

but, instead, only sought to have him punished as a single repeat offender, which it accomplished.

In *Ex parte Augusta*, supra, this Court held: "[T]he punishment hearing to decide the punishment of an alleged habitual offender not only resembles in all relevant respects a trial on the issue of guilt, it is itself a trial, with the trier of facts judging the issues by the standard of 'beyond a reasonable doubt'. It therefore has all of the [ear]marks of a trial on guilt or innocence." (484–485).

■ Art. 36.01, V.A.C.C.P., expressly provides in part that "1. The indictment or information shall be read to the jury by the attorney prosecuting." Art. 36.01(1), supra, also provides that the portions of the charging instrument that pertain to enhancement allegations shall be read to the defendant prior to the commencement of the punishment hearing, but not before that event takes place. This, of course, is to prevent prejudice as to the defendant's guilt. See *Frausto v. State*, 642 S.W.2d 506 (Tex.Cr.App.1982). This Court has held that the provision of Art. 36.01, supra, that requires that the charging instrument shall be read to the defendant, is mandatory. See *Warren v. State*, 693 S.W.2d 414 (Tex.Cr.App.1985), and the cases cited therein at page 415. The rationale for this rule of law is that until the charging instrument is read to the accused, and he pleads thereto, no issue is joined upon which to try him. This rule of law has been carried over to enhancement paragraphs that are alleged in the charging instrument. Without the reading of that part of the charging instrument that contains the enhancement allegations, and the entering of a plea thereto, no issue is joined upon which to enhance the punishment. See *Warren v. State*, supra. Thus, joining the issue as to the enhancement allegation or allegations through a plea of "untrue", "not true", or "not guilty" is mandatory. E.g., *Peltier v. State*, 626 S.W.2d 30 (Tex.Cr.App.1981).

---

**2.** Senate Bill 43, which provides that if reversible error is found to exist in the punishment stage of the trial by an intermediate court of appeals or this Court, and no reversible error is found to exist at the guilt stage of the trial, the defendant will only receive a new trial on the issue of punishment did not become effective until August 31, 1987. See Acts 70th Leg., ch. 179, p. 2711, Section 1, now Art. 44.29(b), V.A.C. C.P.

However, if the defendant pleads "true" or "guilty" to the enhancement allegations, then, of course, he removes from the State its burden to prove what it alleged. See *Harvey v. State*, 611 S.W.2d 108, 111 (Tex. Cr.App.1981). In this instance, at the punishment stage of the 1975 trial, applicant entered a plea of "untrue" to the two enhancement paragraph allegations. Thus, he joined issue with the State as to those allegations. It then became incumbent upon the State to prove what it had alleged. However, for reasons not expressly reflected in the 1975 trial record, the State thereafter abandoned one of the two alleged felony convictions. The jury found the other alleged felony conviction (the 1955 conviction, which this Court held to be void, see supra) "true" and assessed his punishment at 99 years' confinement in the Department of Corrections.

We hold that when applicant entered his plea of "untrue" to the two enhancement allegation paragraphs at his 1975 trial on the issue of punishment he joined issue with the State as to those allegations, see *Warren v. State*, supra, and *Peltier v. State*, supra, and, because the jury had then been impaneled and sworn, jeopardy attached, e.g. *Mc Elwee v. State*, 589 S.W.2d 455 (Tex.Cr.App.1979) (Held, jeopardy attaches when the jury is impaneled and sworn).

In *Briggs v. Procunier*, 764 F.2d 368 (5th Cir.1985), a panel of the Fifth Circuit Court of Appeals recently dealt with a factual situation that is similar to this cause, and granted the defendant in that cause relief. The opinion of *Briggs*, supra, reflects that after the jury returned a verdict of guilty on the primary charge, the State then abandoned *all* of the alleged prior felony convictions. Here, however, after applicant entered his plea of "untrue" to the enhancement allegations at the punishment stage of the trial, the State abandoned only *one* of the two alleged prior felony convictions. Does this make a difference as to whether the State was barred from reprosecuting applicant as an "habitual offender"? We see no meaningful distinction. In fact, we find that what the Fifth Circuit panel stat-

ed and held more than supports our holding.

The Fifth Circuit panel, in rejecting the State's arguments, that there was no implied acquittal giving rise to double jeopardy concerns because the dismissal occurred before the punishment stage of the trial began, and thus the jury never weighed evidence of the prior convictions, thus, no jeopardy attached, invoked and applied the rule that double jeopardy attaches in criminal trials immediately after the jury is sworn. See *Crist v. Bretz*, 437 U.S. 28, 35, 98 S.Ct. 2156, 2160, 57 L.Ed.2d 24 (1978), also see *Mc Elwee v. State*, supra. A careful reading of *Briggs*, supra, however, leads us to conclude that the panel overlooked the fact that in Texas, where the trial may be bifurcated, and the State has alleged one or more enhancement allegation paragraphs, the defendant actually enters two pleas rather than just one. We find that the fact that such a defendant pleads twice, rather than just once, makes what the Fifth Circuit panel stated extremely helpful to our resolving the above issue in applicant's favor.

In rejecting the State's contentions, the Fifth Circuit panel first held that "the Double Jeopardy Clause protects defendants against more than retrial after acquittal," (372), and then held that the State violated that defendant's double jeopardy rights when it later had him declared to be and punished as an "habitual offender". Also see *Nelson v. Lockhart*, 641 F.Supp. 174 (U.S.D.C.E.D.Ark.1986), *Leggins v. Lockhart*, 649 F.Supp. 894 (U.S.D.C.E.D.Ark. 1986); *Ex parte Rathmell*, 717 S.W.2d 33, 36 (Tex.Cr.App.1986) (Teague, J., concurring and dissenting opinion).

Therefore, we hold that applicant was *not* subject at the retrial that occurred in 1981 to be sentenced as an "habitual offender" pursuant to § 12.42(d), prior to amendment. We also hold that when the State abandoned the 1962 conviction at his 1975 trial such act amounted to an acquittal for future enhancement purposes. See *Briggs v. Procunier*, supra. When this Court held in 1980 that the other alleged prior conviction that had occurred in 1955 and that was used to enhance punishment

at the 1975 trial was void such holding prevented the State from thereafter using that conviction for punishment purposes, either to enhance punishment or to use same as part of his prior criminal record pursuant to Art. 37.07, supra. See *Ex parte Gonzales*, supra, and *Ex parte Quirke*, supra, (Held, "We hold that 'conviction' in Sec. 12.42 requires a *valid* conviction. Quite simply, if a void conviction is used, the State has insufficiently proved a factual element, i.e., that the defendant has a prior conviction." (584). Therefore, we hold that the State may not now seek to enhance applicant's punishment as a "repeater" or as an "habitual offender" for the same primary offense.

Habeas corpus relief is granted. Applicant is remanded to the custody of the Sheriff of Harris County to answer to the indictment in trial court cause number 333,-770, entitled The State of Texas vs. Clyde Wade Sewell. The Clerk of this Court is directed to forward a copy of this opinion to the Department of Corrections and the Board of Pardons and Paroles.

It is so Ordered.

### OPINION DENYING THE STATE'S MOTION FOR REHEARING

MILLER, Judge.

The State in its motion for leave to file motion for rehearing maintains that

"The majority of this Court has erred in remanding this applicant to answer to the indictment in this cause, when the error which the Court has found relates only to the punishment stage of the trial.

. . . . .

... this cause should be remanded for the punishment phase of the trial only, under the provisions of Article 44.29, Vernon's Ann.C.C.P., as amended September 1, 1987. Acts 1987, 70th Leg., p. 2711, ch. 179."

Art. 44.29(b), V.A.C.C.P., which became effective on August 31, 1987, provides:

"If the Court of Appeals or the Court of Criminal Appeals awards a new trial to the defendant only on the basis of an error or errors made in the punishment stage of the trial, the cause shall stand as it would have stood in case the new trial had been granted by the court below, *except that the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of the trial* under subsection (b), Sec. 2, Art. 37.07, of this Code. If the defendant elects, the court impanel a jury for the sentencing stage of the trial in the same manner as a jury is impaneled by the court for other trials before the court. At the new trial, the court shall allow both the state and the defendant to introduce evidence to show the circumstances of the offense and other evidence as permitted by Sec. 3 of Art. 37.07 of this Code." (emphasis supplied)

In urging their motion, the State makes two assumptions that are, in our view, erroneous.

First, the State assumes that by the words "to answer the indictment" at the end of the Court's opinion, we ordered that the applicant be retried as to guilt. We did not. Neither did we order that he be retried only as to punishment. We simply granted him relief and set aside the previous judgment of conviction, then, just as the opinion says, remanded him to the sheriff to answer the indictment.

Second, the State interprets Art. 44.29(b), supra, to be directed to this Court. It is not. The article plainly is directed at the trial court to take appropriate action in appropriate circumstances. The proper forum to urge the application of the article is the *trial* court.

Only if we were to instruct the trial court in violation of the article, would the State's motion have potential merit. Since we have not instructed the trial court *at all* vis-a-vis Art. 44.29(b), supra, we have not instructed the trial court in violation of Art. 44.29(b).

For these reasons, the State's motion is denied.

ONION, P.J., not participating.