**Robert Michael PURTELL a/k/a Steven John Radcliff a/k/a Robert Stearns a/k/a Robert M. Stearns, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 11–95–019–CR.

Court of Appeals of Texas, Eastland.

Oct. 26, 1995.

Discretionary Review Refused Feb. 14, 1996.

---

Robert C. Owen, Austin, for appellant.

Jerry D. Ray, District Attorney, Palo Pinto, Robert Huttash, State Prosecuting Attorney, Austin, Matthew W. Paul, Assistant State Prosecuting Attorney, Austin, for appellee.

Before ARNOT, C.J., and DICKENSON, J., and McCLOUD, S.J.[1]

AUSTIN McCLOUD, Senior Justice.

Appellant was convicted of capital murder in 1985 and was assessed the death penalty. Appellant's conviction was affirmed on direct appeal. *Purtell v. State,* 761 S.W.2d 360 (Tex.Cr.App.1988), *cert. den'd,* 490 U.S. 1059, 109 S.Ct. 1972, 104 L.Ed.2d 441 (1989). On October 12, 1994, the Court of Criminal Appeals, in an unpublished opinion, granted appellant a post-conviction writ of habeas corpus. *Ex parte Robert Michael Purtell,* No. 71,515. The court vacated the original judgment of conviction and remanded the cause to the trial court. On remand, the State filed written notice that the State would not seek the death penalty. See TEX.CODE CRIM. PRO.ANN. art. 37.0711 (Vernon Supp.1995). The trial court conducted a new punishment hearing and sentenced appellant to life imprisonment. Appellant appeals. We affirm.

Appellant contends that he was entitled to a new trial at both the guilt and the punishment stages of the trial. We disagree.

The Court of Criminal Appeals granted appellant relief because in the 1985 trial the trial court erroneously permitted Dr. Clay Griffith to testify during the "punishment" stage of the trial that, in his opinion, appellant would be a "continuing threat to society" and that appellant would "be dangerous in the future, because of the basically untreatable nature of the condition." Dr. Griffith did not inform appellant that the results of the interview with appellant would be used against appellant during the punishment stage of the trial. Based upon the rule announced in *Wilkens v. State,* 847 S.W.2d 547 (Tex.Cr.App.1992), *cert. den'd,* — U.S. —, 113 S.Ct. 1646, 123 L.Ed.2d 268 (1993), the court concluded that the trial court erred in not excluding the testimony of Dr. Griffith at the "punishment" stage of the trial. See *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981).

■ Appellant first argues that he was entitled to a full retrial, as to both guilt and punishment, because the testimony of Dr. Griffith at the "punishment" stage of the trial "affected" the guilt stage. We disagree.

TEX.CODE CRIM.PRO.ANN. art. 44.29(c) (Vernon Supp.1995) provides:

If any court sets aside or invalidates the sentence of a defendant convicted of an offense under Section 19.03, Penal Code, and sentenced to death on the basis of any error affecting punishment only, the court shall not set the conviction aside but rather shall commence a new punishment hearing under Article, 37.071 or Article 37.0711 of this code, as appropriate, as if a finding of guilt had been returned. The court shall empanel a jury for the sentencing stage of the trial in the same manner as a jury is to be empaneled by the court in other trials before the court for offenses under Section 19.03, Penal Code. At the new punishment hearing, the court shall permit both the state and the defendant to introduce evidence as permitted by Article 37.071 or Article 37.0711 of this code.

Appellant cites *Ransom v. State,* — S.W.2d — [1994 WL 259057] (No. 71,633, Tex.Cr. App., June 15, 1994) (not yet published) (motion for rehearing pending), to support his argument that the trial court's error affected the guilt phase of the trial. *Ransom* involved an erroneously granted challenge for cause and is factually distinguishable from this case. The error in *Ransom* affected the composition of the jury which rendered a verdict on both guilt and punishment. Appellant relies upon language in *Ransom* that the trial court must conduct a new trial as to both guilt and punishment if the error "conceivably" affects the guilt stage of the trial. Appellant maintains that, had he known that the trial court would erroneously permit Dr. Griffith's testimony at the punishment stage, it is "conceivable" that appellant would not have elected to testify at the guilt stage of the trial. Appellant's speculation as to possible trial strategy fails to show that the error

1. Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

affected the guilt stage of the trial. Appellant's first point of error is overruled.

 Appellant urges in his second point of error that the Court of Criminal Appeals determined that the error affected the guilt phase of the trial. In the unpublished opinion granting appellant habeas corpus relief, the court stated in the second paragraph of the opinion:

> Finding there to be merit in applicant's Fifth Amendment claim, we will grant relief, *reverse applicant's conviction*, and remand this cause to the trial court. (Emphasis added).

In the decretal portion of the opinion, the court held:

> Habeas corpus relief is granted, the judgment is vacated and the cause is remanded to the trial court.

Appellant's argument is based upon the language in Article 44.29(c) which provides that, if any court "sets aside or invalidates" a death sentence on the basis of an error "affecting punishment only," the court shall not set the "conviction aside" but, rather, shall commence a new punishment hearing. Appellant reasons that, since the court reversed the "conviction," the Court of Criminal Appeals concluded that the error affected the guilt stage of the trial.

Appellant's argument was answered in *Ex parte Sewell*, 742 S.W.2d 393, 397 (Tex.Cr. App.1987), where the court considered dispositional language similar to the decretal language contained in this case. In *Sewell*, the court held that the dispositional language granting habeas corpus relief was not an instruction to the trial court as to whether the court should grant the defendant a new trial as to both guilt and punishment or as to punishment alone. The Sewell Court pointed out that the language in Article 44.29(c) is directed to the trial court. The trial court determines the appropriate action from the circumstances. Appellant's second point of error is overruled.

 In his final point, appellant urges that the trial court erred in ordering a new trial only as to punishment because the court failed to exercise its discretion. We disagree. The trial court concluded that the error affected punishment only; therefore, the trial court properly granted a hearing only as to punishment. The final point of error is overruled.

The judgment of the trial court is affirmed.