Opinion issued February 1, 2007


















In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01006-CR






TERISA ARLENE FORD, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 870147






O P I N I O N

 Appellant, Terisa Arlene Ford, pleaded guilty to robbery without an agreed
recommendation on punishment. See Tex. Pen. Code Ann. § 29.02 (Vernon 2003). 
The trial court deferred adjudication of appellant's guilt, withheld a finding on the
two enhancement paragraphs, and placed appellant on community supervision for 10
years. The trial court also fined appellant $500. Later finding that she had violated
the terms of her community supervision, the trial court adjudicated appellant guilty,
made a finding of true on the two enhancement paragraphs, and sentenced her to 25
years' imprisonment. In her sole point of error, appellant argues that the trial court
abused its discretion when it found both enhancement paragraphs true and sentenced
her to 25 years' imprisonment.

 We reverse the trial court's judgment in part and remand for a new punishment
hearing.

Facts and Procedural History

 On February 22, 2002, appellant was indicted for robbery, a second degree
felony. The indictment also included enhancement paragraphs for two previous
felony convictions, the second of which the indictment alleged occurred after the first
had become final. On April 6, 2001, appellant pleaded guilty to robbery. The court
admonished appellant in writing that, because of her status as an habitual offender,
the range of punishment in her case was imprisonment for 25 to 99 years, or life. 
Appellant did not initial this admonition. In the document entitled "Statements and
Waivers of Defendant," appellant initialed the paragraphs reading:

 (2) I understand the admonitions of the trial court set out herein;


 . . . . 


 (7) I understand that if the Court grants me Deferred Adjudication . . .
[and] determines that I violated a condition of probation, . . . the Court
may assess my punishment within the full range of punishment for this
offense . . .; [and]


 . . . . 


 (11) Joined by my counsel, I state that I understand the foregoing
admonitions and I am aware of the consequences of my plea . . . .


Appellant, along with her attorney, also signed her full name at the end of this
document. Appellant also signed a document entitled "Waiver of Constitutional
Rights, Agreement to Stipulate, and Judicial Confession." The first page of this
document recited the charged offense and both enhancement paragraphs; the second
page read, in part, 

 I understand the above allegations and I confess that they are true and
that the acts alleged above were committed on December 31, 2000.


 . . . . 


 I intend to enter a plea of guilty . . . .


 On July 19, 2001, the trial court entered an order deferring adjudication of
appellant's guilt, withheld a finding on the two enhancement paragraphs, and placed
appellant on community supervision for 10 years. The trial court also assessed a $500
fine. Next to "Plea to Enhancement Paragraph(s)" on the order deferring
adjudication, "N/A" is circled, rather than "True" or "Not True."

 On May 17, 2005, the State filed a motion to adjudicate appellant's guilt,
alleging that appellant had violated several conditions of her community supervision. 
On September 8, 2005, the trial court held a hearing on the State's motion to
adjudicate guilt, and appellant pleaded "not true" to the State's allegations in the
motion. After taking testimony from several witnesses, including appellant, the trial
court found that appellant had violated several conditions of her community
supervision and found her guilty of robbery. The court then asked if either defense
counsel or the State had anything else to offer before proceeding with sentencing;
neither had anything else to offer. The trial judge then addressed appellant, 

 [T]he Court having found you guilty of the offense of robbery, the Court
at this time finds true the enhancement paragraph [sic] in the underlying
indictment. The Court, specifically notes for the record that at the time
Ms. Ford was placed on deferred adjudication, on July 19th, 2001, the
Court withheld a finding of true on the enhancement paragraphs.

 

 The Court hereby at this time now finds each enhancement
paragraph to be true, and the Court hereby assesses your punishment at
25 years confinement in the Texas Department of Criminal Justice.


 Upon announcement of her sentence, the trial court asked appellant, "Do you
have anything to say why the sentence . . . should not be pronounced against you?" 
Appellant began to say something, but defense counsel interrupted and said, "Her
question is, Your Honor, is [sic] enhancements were at that time how come enhanced
now?" The trial court did not answer the question.


Discussion

 In her sole point of error, appellant argues that because she never entered a plea
to either enhancement paragraph, the trial court abused its discretion when it found
both enhancement paragraphs in the indictment true and sentenced her to 25 years'
confinement. 

 Appellant was indicted for robbery, a second-degree felony. See Tex. Pen.
Code Ann. § 29.02 (Vernon 2003). Under the Texas Penal Code, a second-degree
felony is punishable by imprisonment for two to 20 years. Id. § 12.33(a) (Vernon
2003). However, upon a showing that the defendant has two previous final felony
convictions and that the second previous felony conviction is for an offense that
occurred after the first previous conviction had become final, a second-degree felony
is punishable by imprisonment for 25 to 99 years, or life. Id. § 12.42(d) (Vernon
Supp. 2006).

 Article 36.01 of the Texas Code of Criminal Procedure requires that the State
read the charging instrument to the defendant. Tex. Code Crim. Proc. Ann.
art. 36.01(a) (Vernon Supp. 2006); Ex parte Sewell, 742 S.W.2d 393, 395 (Tex. Crim.
App. 1987). The rationale for this rule is that, until the charging instrument is read
to the accused and he pleads to it, no issue is joined upon which to try him. Ex parte
Sewell, 742 S.W.2d at 395. This rule of law also applies to enhancement paragraphs
that are alleged in the charging instrument. If that part of the charging instrument
containing the enhancement paragraphs is not read and the accused does not enter a
plea to the enhancement paragraphs, no issue is joined upon which to enhance his
punishment. Id.; Hernandez v. State, 190 S.W.3d 856, 867 (Tex. App.--Corpus
Christi 2006, no pet.). 

 Although article 36.01 is applicable only after a jury has been impaneled, (1) the
Texas Court of Criminal Appeals has held that it is also applicable to the penalty
phase of a bifurcated trial, (2) and we see no reason why the rationale for this rule would
not apply here as well. Following a finding that a defendant has violated a condition
of his deferred adjudication community supervision and an adjudication of guilt, "all
proceedings, including assessment of punishment, pronouncement of sentence,
granting of community supervision, and defendant's appeal continue as if the
adjudication of guilt had not been deferred." Tex. Code Crim. Proc. Ann.
art. 42.12, § 5(b) (Vernon 2006) (emphasis added).

 Here, the indictment included enhancement paragraphs for two previous felony
convictions, the second of which occurred after the first had become final. Appellant
entered a guilty plea to the primary offense of robbery on April 6, 2001, but the
record does not indicate that appellant entered a plea to the enhancement paragraphs
at that time. (3) Almost four years later, the State filed a motion to adjudicate guilt. On
September 8, 2005, the trial court held a hearing on the State's motion to adjudicate,
found that appellant had violated several conditions of her community supervision,
and adjudicated her guilty of robbery. After ascertaining that neither appellant nor
the State had anything further to offer, the trial court found the enhancement
paragraphs true and sentenced appellant as an habitual offender. At no time during
this hearing did the State read to appellant the enhancement paragraphs in the
indictment; nor did the trial court give appellant an opportunity to enter a plea to the
enhancement paragraphs. Thus, no issue was joined upon which to enhance
appellant's punishment. See Ex parte Sewell, 742 S.W.2d at 395; Hernandez, 190
S.W.3d at 867. The State, therefore, was not relieved of its burden to prove what was
alleged in the enhancement paragraphs, (4) and the trial court abused its discretion when
it sentenced appellant to 25 years' confinement.

 We sustain appellant's sole point of error.



CONCLUSION

 We reverse the judgment of the trial court in part and remand the cause for a
new punishment hearing. See Tex. Code Crim. Proc. Ann. art. 44.29(b) (Vernon
Supp. 2006).




 

 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Hanks.

Publish. Tex. R. App. P. 47.2(b).
1. Tex. Code Crim. Proc. Ann. art. 36.01(a) (Vernon Supp. 2006).
2. Warren v. State, 693 S.W.2d 414, 415 (Tex. Crim. App. 1985).
3. Appellant waived the presence of a court reporter.
4. If a defendant pleads "not true" or "not guilty" to an enhancement paragraph, the
State is required to introduce evidence in support of the allegation alleged therein. See
Hernandez v. State, 190 S.W.3d 856, 867 (Tex. App.--Corpus Christi 2006, no pet.). If a
defendant pleads "true" or "guilty" to an enhancement paragraph, however, the State is
relieved of its burden to prove what is alleged in that paragraph. Ex parte Sewell, 742
S.W.2d 393, 396 (Tex. Crim. App. 1987).